MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------X
RUBEN MARQUEZ DE LA CRUZ,
*individually and on behalf of others similarly
situated,*

                           *Plaintiff*,

      -against-

LA ESTRELLITA DEL SUR RESTAURANT
CORP. (D/B/A ESTRELLITA POBLANA
III), GEMA CORP. (D/B/A ESTRELLITA
MIXTECA), and LEONARDO GONZALEZ,

                          *Defendants.*
---------------------------------------------------------X

**Docket No.: 20-cv-05437 (JPC)**

**FIRST AMENDED COMPLAINT**

**COLLECTIVE ACTION UNDER**
**29 U.S.C. § 216(b)**

**ECF Case**

      Plaintiff Ruben Marquez de la Cruz ("Plaintiff Marquez de la Cruz" or "Mr. Marquez de la Cruz"), individually and on behalf of others similarly situated, by and through his attorneys, Michael Faillace & Associates, P.C., upon his knowledge and belief, and as against La Estrellita Del Sur Restaurant Corp. (d/b//a Estrellita Poblana III), Gema Corp. (d/b/a Estrellita Mixteca), ("Defendant Corporations"), and Leonardo Gonzalez ("Individual Defendant"), (collectively, "Defendants"), alleges as follows:

## NATURE OF ACTION

      1.     Plaintiff Marquez de la Cruz is a former employee of La Estrellita Del Sur Restaurant Corp. (d/b//a Estrellita Poblana III), Gema Corp. (d/b/a Estrellita Mixteca), and Leonardo Gonzalez.

2. Defendants own, operate, or control two Mexican Restaurants, one of which is located at 2328 Arthur Ave, Bronx, New York 10458 under the name "Estrellita Poblana III" and the other one at 1813 Westchester Ave, Bronx, New York 10472 under the name "Estrellita Mixteca".

3. Upon information and belief, individual Defendant Leonardo Gonzalez serves or served as owner, manager, principal, or agent of Defendant Corporations and, through these corporate entities, operate or operated the restaurants as a joint or unified enterprise.

4. Plaintiff Marquez de la Cruz was employed as a cook at the restaurants located at 2328 Arthur Ave, Bronx, New York 10458 and 1813 Westchester Ave, Bronx, New York 10472.

5. At all times relevant to this Complaint, Plaintiff Marquez de la Cruz worked for Defendants in excess of 40 hours per week, without appropriate minimum wage, overtime, and spread of hours compensation for the hours that he worked.

6. Rather, Defendants failed to pay Plaintiff Marquez de la Cruz appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

7. Further, Defendants failed to pay Plaintiff Marquez de la Cruz the required "spread of hours" pay for any day in which he had to work over 10 hours a day.

8. Furthermore, Defendants repeatedly failed to pay Plaintiff Marquez de la Cruz wages on a timely basis.

9. Defendants' conduct extended beyond Plaintiff Marquez de la Cruz to all other similarly situated employees.

10. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Marquez de la Cruz and other employees to work in excess of forty (40) hours

per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

11. Plaintiff Marquez de la Cruz now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

12. Plaintiff Marquez de la Cruz seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

13. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Marquez de la Cruz's state law claims under 28 U.S.C. § 1367(a).

14. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate Mexican Restaurants located in this district. Further, Plaintiff Marquez de la Cruz was employed by Defendants in this district.

## **PARTIES**

*Plaintiff*

15. Plaintiff Ruben Marquez de la Cruz ("Plaintiff Marquez de la Cruz" or "Mr. Marquez de la Cruz") is an adult individual residing in Bronx County, New York.

16. Plaintiff Marquez de la Cruz was employed by Defendants at Estrellita Poblana III from approximately January 2015 until on or about July 2018 and at Estrellita Mixteca from approximately September 2019 until on or about May 30, 2020.

17. Plaintiff Marquez de la Cruz consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

18. At all relevant times, Defendants owned, operated, or controlled two Mexican restaurants, located at 2328 Arthur Ave, Bronx, New York 10458 under the name "Estrellita Poblana III" and at 1813 Westchester Ave, Bronx, New York 10472 under the name "Estrellita Mixteca".

19. Upon information and belief, La Estrellita Del Sur Restaurant Corp. (d/b//a Estrellita Poblana III) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 2328 Arthur Ave, Bronx, New York 10458.

20. Upon information and belief, Gema Corp. (d/b/a Estrellita Mixteca) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 1813 Westchester Ave, Bronx, New York 10472.

21. Defendant Leonardo Gonzalez is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Leonardo Gonzalez is

sued individually in his capacity as owner, officer and/or agent of Defendant Corporations. Defendant Leonardo Gonzalez possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiff Marquez de la Cruz, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

22. Defendants operate two Mexican restaurants located in two neighborhoods in the Bronx.

23. Individual Defendant, Leonardo Gonzalez, possesses operational control over Defendant Corporations, possesses ownership interests in Defendant Corporations, or controls significant functions of Defendant Corporations.

24. Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

25. Each Defendant possessed substantial control over Plaintiff Marquez de la Cruz's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Marquez de la Cruz, and all similarly situated individuals, referred to herein.

26. Defendants jointly employed Plaintiff Marquez de la Cruz (and all similarly situated employees) and are Plaintiff Marquez de la Cruz's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

27. In the alternative, Defendants constitute a single employer of Plaintiff Marquez de la Cruz and/or similarly situated individuals.

28. Upon information and belief, Individual Defendant Leonardo Gonzalez operates Defendant Corporations as either alter egos of himself and/or fails to operate Defendant Corporations as entities legally separate and apart from himself, by among other things:

    a) failing to adhere to the corporate formalities necessary to operate Defendant Corporations as Corporations,

    b) defectively forming or maintaining the corporate entities of Defendant Corporations, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

    c) transferring assets and debts freely as between all Defendants,

    d) operating Defendant Corporations for his own benefit as the sole or majority shareholder,

    e) operating Defendant Corporations for his own benefit and maintaining control over these corporations as closed Corporations,

    f) intermingling assets and debts of his own with Defendant Corporations,

    g) diminishing and/or transferring assets of Defendant Corporations to avoid full liability as necessary to protect his own interests, and

    h) Other actions evincing a failure to adhere to the corporate form.

29. At all relevant times, Defendants were Plaintiff Marquez de la Cruz's employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff Marquez de la Cruz, controlled the terms and conditions of employment, and

determined the rate and method of any compensation in exchange for Plaintiff Marquez de la Cruz's services.

30. In each year from 2015 to 2020, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

31. In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the restaurants on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiff*

32. Plaintiff Marquez de la Cruz is a former employee of Defendants who was employed as a cook.

33. Plaintiff Marquez de la Cruz seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Ruben Marquez de la Cruz*

34. Plaintiff Marquez de la Cruz was employed by Defendants from approximately January 2015 until July 2018 and from approximately September 2019 until on or about May 30, 2020.

35. Defendants employed Plaintiff Marquez de la Cruz as a cook.

36. Plaintiff Marquez de la Cruz regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

37. Plaintiff Marquez de la Cruz's work duties required neither discretion nor independent judgment.

38. Throughout his employment with Defendants, Plaintiff Marquez de la Cruz regularly worked in excess of 40 hours per week.

39. From approximately January 2015 until on or about July 2018, Plaintiff Marquez de la Cruz worked at Estrellita Poblana III from approximately 12:00 p.m. until on or about 12:00 a.m. to 1:00 a.m., Tuesdays through Sundays (typically 72 to 78 hours per week).

40. From approximately September 2019 until on or about May 30, 2020, Plaintiff Marquez de la Cruz worked at Estrellita Mixteca from approximately 10:00 a.m. until on or about 12:00 a.m., on Tuesdays and from approximately 12:00 p.m. until on or about 12:00 a.m. to 1:00 a.m., Wednesdays through Sundays (typically 74 to 80 hours per week).

41. Throughout his employment, Defendants paid Plaintiff Marquez de la Cruz his wages in a combination of check and cash.

42. From approximately January 2015 until on or about December 2015, Defendants paid Plaintiff Marquez de la Cruz a fixed salary of $700 per week ($400 by check and $300 in cash).

43. From approximately January 2016 until on or about December 2018, Defendants paid Plaintiff Marquez de la Cruz a fixed salary of $730 per week ($400 by check and $330 in cash).

44. From approximately January 2019 until on or about May 30, 2020, Defendants paid Plaintiff Marquez de la Cruz a fixed salary of $825 per week ($300 by check and $525 in cash).

45. Prior to 2017, defendants did not grant Plaintiff Marquez de la Cruz any breaks or meal periods of any kind.

46. Defendants deducted $7 to $10 from Plaintiff Marquez de la Cruz's weekly paycheck for meals he never ate.

47. Defendants required Plaintiff Marquez de la Cruz to sign a document, the contents of which he was not allowed to review in detail, in order to release his weekly pay.

48. No notification, either in the form of posted notices or other means, was ever given to Plaintiff Marquez de la Cruz regarding overtime and wages under the FLSA and NYLL.

49. Defendants did not provide Plaintiff Marquez de la Cruz an accurate statement of wages, as required by NYLL 195(3).

50. In fact, Defendants adjusted Plaintiff Marquez de la Cruz's paystubs so that they reflected inaccurate wages and hours worked.

51. Defendants did not give any notice to Plaintiff Marquez de la Cruz, in English and in Spanish (Plaintiff Marquez de la Cruz's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Defendants' General Employment Practices*

52. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Marquez de la Cruz (and all similarly situated employees) to work in excess of 40 hours a week without paying him appropriate minimum wage, spread of hours pay, and overtime compensation as required by federal and state laws.

53. Plaintiff Marquez de la Cruz was a victim of Defendants' common policy and practices which violate his rights under the FLSA and New York Labor Law by, *inter alia*, not paying him the wages he was owed for the hours he worked.

54. Defendants' pay practices resulted in Plaintiff Marquez de la Cruz not receiving payment for all his hours worked, and resulted in Plaintiff Marquez de la Cruz's effective rate of pay falling below the required minimum wage rate.

55. Defendants' time keeping system did not reflect the actual hours that Plaintiff Marquez de la Cruz worked.

56. Defendants required Plaintiff Marquez de la Cruz to sign a document, the contents of which he was not allowed to review in detail, in order to release his weekly pay.

57. Defendants paid Plaintiff Marquez de la Cruz his wages in a combination of check and cash.

58. Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

59. Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Marquez de la Cruz (and similarly situated individuals) worked, and to avoid paying Plaintiff Marquez de la Cruz properly for his full hours worked.

60. Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

61. Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Marquez de la Cruz and other similarly situated former workers.

62. Defendants failed to provide Plaintiff Marquez de la Cruz and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

63.     Defendants failed to provide Plaintiff Marquez de la Cruz and other employees, at the time of hiring, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

64.     Plaintiff Marquez de la Cruz brings his FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

65.     At all relevant times, Plaintiff Marquez de la Cruz and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage and overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA under the FLSA.

66.     The claims of Plaintiff Marquez de la Cruz stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

67. Plaintiff Marquez de la Cruz repeats and realleges all paragraphs above as though fully set forth herein.

68. At all times relevant to this action, Defendants were Plaintiff Marquez de la Cruz's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff Marquez de la Cruz (and the FLSA Class Members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

69. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

70. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

71. Defendants failed to pay Plaintiff Marquez de la Cruz (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

72. Defendants' failure to pay Plaintiff Marquez de la Cruz (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

73. Plaintiff Marquez de la Cruz (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

74. Plaintiff Marquez de la Cruz repeats and realleges all paragraphs above as though fully set forth herein.

75. Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff Marquez de la Cruz (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

76. Defendants' failure to pay Plaintiff Marquez de la Cruz (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

77. Plaintiff Marquez de la Cruz (and the FLSA Class members) were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

## VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

78. Plaintiff Marquez de la Cruz repeats and realleges all paragraphs above as though fully set forth herein.

79. At all times relevant to this action, Defendants were Plaintiff Marquez de la Cruz's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiff Marquez de la Cruz, controlled the terms and conditions of his employment, and determined the rates and methods of any compensation in exchange for his employment.

80. Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Marquez de la Cruz less than the minimum wage.

81. Defendants' failure to pay Plaintiff Marquez de la Cruz the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

82.     Plaintiff Marquez de la Cruz was damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS

## OF THE NEW YORK STATE LABOR LAW

83.     Plaintiff Marquez de la Cruz repeats and realleges all paragraphs above as though fully set forth herein.

84.     Defendants, in violation of N.Y. Lab. Law § 190 *et seq.*, and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Marquez de la Cruz overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

85.     Defendants' failure to pay Plaintiff Marquez de la Cruz overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

86.     Plaintiff Marquez de la Cruz was damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

## VIOLATION OF THE SPREAD OF HOURS WAGE ORDER

## OF THE NEW YORK COMMISSIONER OF LABOR

87.     Plaintiff Marquez de la Cruz repeats and realleges all paragraphs above as though fully set forth herein.

88.     Defendants failed to pay Plaintiff Marquez de la Cruz one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff Marquez de la Cruz's spread of hours exceeded ten hours in violation of NYLL §§ 650 *et seq.* and 12 N.Y.C.R.R. §§ 146-1.6.

89. Defendants' failure to pay Plaintiff Marquez de la Cruz an additional hour's pay for each day Plaintiff Marquez de la Cruz's spread of hours exceeded ten hours was willful within the meaning of NYLL § 663.

90. Plaintiff Marquez de la Cruz was damaged in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION

## VIOLATION OF THE NOTICE AND RECORDKEEPING

## REQUIREMENTS OF THE NEW YORK LABOR LAW

91. Plaintiff Marquez de la Cruz repeats and realleges all paragraphs above as though fully set forth herein.

92. Defendants failed to provide Plaintiff Marquez de la Cruz with a written notice, in English and in Spanish (Plaintiff Marquez de la Cruz's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

93. Defendants are liable to Plaintiff Marquez de la Cruz in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION

## VIOLATION OF THE WAGE STATEMENT PROVISIONS

## OF THE NEW YORK LABOR LAW

94. Plaintiff Marquez de la Cruz repeats and realleges all paragraphs above as though fully set forth herein.

95. With each payment of wages, Defendants failed to provide Plaintiff Marquez de la Cruz with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

96. Defendants are liable to Plaintiff Marquez de la Cruz in the amount of $5,000, together with costs and attorneys' fees.

## EIGHTH CAUSE OF ACTION

## UNLAWFUL DEDUCTIONS FROM WAGES IN VIOLATION

## OF THE NEW YORK LABOR LAW

97. Plaintiff Marquez de la Cruz repeats and realleges all paragraphs above as though fully set forth herein.

98. At all relevant times, Defendants were Plaintiff Marquez de la Cruz's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.

99. Defendants made unlawful deductions from Plaintiff Marquez de la Cruz's wages including, but not limited to, deductions for meals he never ate.

100.    The deductions made from Plaintiff Marquez de la Cruz's wages was not authorized or required by law.

101.    Through their knowing and intentional efforts to take unauthorized deductions from Plaintiff Marquez de la Cruz's wages, Defendants willfully violated NYLL, Article 6, §§ 190 *et seq.*, and supporting New York State regulations.

102.    Plaintiff Marquez de la Cruz was damaged in an amount to be determined at trial.

## NINTH CAUSE OF ACTION
## VIOLATION OF THE TIMELY PAYMENT PROVISIONS
## OF THE NEW YORK LABOR LAW

103.    Plaintiff Marquez de la Cruz repeats and realleges all paragraphs above as though set forth fully herein.

104.    Defendants did not pay Plaintiff Marquez de la Cruz on a regular weekly basis, in violation of NYLL §191.

105.    Defendants are liable to Plaintiff Marquez de la Cruz in an amount to be determined at trial

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Marquez de la Cruz respectfully requests that this Court enter judgment against Defendants by:

(a)    Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)     Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Marquez de la Cruz and the FLSA Class members;

(c)     Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Marquez de la Cruz and the FLSA Class members;

(d)     Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Marquez de la Cruz and the FLSA Class members;

(e)     Awarding Plaintiff Marquez de la Cruz and the FLSA Class members damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(f)     Awarding Plaintiff Marquez de la Cruz and the FLSA Class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid minimum wage and overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(g)     Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Marquez de la Cruz;

(h)     Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Marquez de la Cruz;

(i)     Declaring that Defendants violated the spread-of-hours requirements of the NYLL and supporting regulations as to Plaintiff Marquez de la Cruz;

(j)     Declaring that Defendants violated the notice requirements of the NYLL with respect to Plaintiff Marquez de la Cruz's compensation, hours, wages and any deductions or credits taken against wages;

(k)     Declaring that Defendants' violations of the provisions of the NYLL and spread of hours wage order were willful as to Plaintiff Marquez de la Cruz;

(l)     Awarding Plaintiff Marquez de la Cruz damages for the amount of unpaid minimum wage and overtime compensation, and for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable

(m)     Awarding Plaintiff Marquez de la Cruz damages for Defendants' violation of the NYLL notice provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(n)     Awarding Plaintiff Marquez de la Cruz liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, overtime compensation, and spread of hours pay shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(o)     Awarding Plaintiff Marquez de la Cruz and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(p)     Awarding Plaintiff Marquez de la Cruz and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(q)     Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(r)     All such other and further relief as the Court deems just and proper.

- 20 -

## **JURY DEMAND**

Plaintiff Marquez de la Cruz demands a trial by jury on all issues triable by a jury.

Dated: New York, New York
March 9, 2021

                                           MICHAEL FAILLACE & ASSOCIATES, P.C.

By:      /s/ Michael Faillace
        Michael Faillace [MF-8436]
        60 East 42nd Street, Suite 4510
        New York, New York 10165
        Telephone: (212) 317-1200
        Facsimile: (212) 317-1620
        *Attorneys for Plaintiff*