**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| RUBEN MARQUEZ DE LA CRUZ,<br>*individually and on behalf of others similarly*<br>*situated,*<br><br>                                    *Plaintiff,*<br><br>          -against-<br><br>LA ESTRELLITA DEL SUR RESTAURANT<br>CORP. (D/B/A ESTRELLITA POBLANA<br>III), GEMA CORP.  (D/B/A ESTRELLITA<br>MIXTECA), and LEONARDO GONZALEZ,<br><br>                                    *Defendants.* | Docket No.: 20-cv-05437 (GWG)<br><br>**SETTLEMENT AGREEMENT**<br>**AND RELEASE** |

This Settlement Agreement and Release of Claims ("Agreement") is entered into by and among Ruben Marquez de la Cruz (Plaintiff"), on the one hand, and La Estrellita Del Sur Restaurant Corp. (d/b/a Estrellita Poblana III), Gema Corp. (d/b/a Estrellita Mixteca) ("Corporate Defendants") and Leonardo Gonzalez ("Individual Defendant") (collectively, "Defendants"), on the other hand.

WHEREAS, Plaintiff alleges that he worked for Defendants as an employee; and

WHEREAS, a dispute has arisen regarding Plaintiff's alleged employment and the terms thereof, which dispute has resulted in the filing of an action in the United States District Court for the Southern District of New York, Civil Action No.: 20-cv-05437 (GWG) (hereinafter "the Litigation" or "Action"), alleging, *inter alia*, a violation of federal and state wage and hour laws; and

WHEREAS, Defendants deny any violation of federal and state wage and hour laws; and

WHEREAS, the Parties desire to resolve all disputes between them without the necessity of further litigation;

NOW, THEREFORE, in consideration of the mutual covenants and promises herein contained and other good and valuable consideration, receipt of which is hereby acknowledged, it is hereby agreed as follows:

1.      Preliminary Matters.  Plaintiff has reviewed the terms of this Agreement, has had the opportunity to confer with his legal counsel, including William K. Oates, Esq. of Michael Faillace & Associates, P.C. ("Plaintiff's Counsel"), and/or other advisors of his own choosing in

order to obtain advice with respect to the terms of this Agreement.  The Parties participated in lengthy settlement discussions.  Plaintiff acknowledges that it is his choice to waive any potential wage and hour claims in return for the benefits set forth herein and that he made this decision after careful thought and a reasonable period of time to consider this Agreement, and after an opportunity to consult with his attorneys.  Plaintiff confirms that he fully understands the terms of this Agreement, and that he is signing this Agreement voluntarily.  Given the promises and consideration set forth in this Agreement, Plaintiff represents and warrants that he now has been properly paid for all time worked during his employment by Defendants, and acknowledges and agrees that he will no longer have any entitlement to any wages, overtime pay, bonuses, commissions, gratuities, spread of hours pay, reimbursements, payouts, severance pay, vacation pay, or other compensation or benefits from any of the Defendants.

2.     Dismissal of Pending Action.  For and in consideration of the promises outlined in this Agreement, the sufficiency of which Plaintiff acknowledges, Plaintiff shall (i) dismiss with prejudice, or cause to be dismissed with prejudice, the Action as against all Defendants, including but not limited to, any claims brought in the Action by Plaintiff; (ii) not re-file the causes of action asserted in the Action against Defendants; and (iii) not institute any action against any Defendants in any court or other forum based on allegations or claims existing prior to the date of this Agreement that are released, as set forth in this Agreement.  The Parties expressly authorize their counsel to submit any papers to the Court that are necessary to effectuate the dismissal of the Action with prejudice (including the Stipulation of Dismissal annexed hereto as Exhibit A), approval of this settlement as fair and reasonable, and/or the effectuation of a full release of wage and hour claims as specified herein.

3.     Payment.  In consideration for Plaintiff's execution of and compliance with this Agreement, including the release set forth in paragraph 7 of this Agreement, and the dismissal with prejudice of the Action by Plaintiff as against Defendants, Defendants shall pay or caused to be paid to Plaintiff and their counsel, subject to the terms and conditions of this Agreement, the total sum of Sixty Thousand Dollars and No Cents ($60,000.00) (at times, referred to as the "Settlement Amount").  The Settlement Amount shall be paid in eighteen (18) consecutive monthly installments.  The first payment of Fourteen Thousand Dollars and No Cents ($14,000.00) shall be due within 30 days of this Agreement being approved by the Court and the dismissal of the Action with prejudice. The remaining seventeen monthly-installment payments thereafter shall be due on the 30th day of each successive month (except for the month of February in which the installment payment shall be due on the 28th or 29th day of that month).  The second installment payment shall be in the amount of Fourteen Thousand Dollars and No Cents ($14,000.00) and the third through eighteenth installment payments shall be in the amount of Two Thousand Dollars and No Cents ($2,000.00).

Defendants shall remit each monthly payment by check, payable to "Michael Faillace & Associates, P.C., As Attorneys For Plaintiff".  Defendants shall make the payments by sending the checks via hand-delivery, or by the United States Postal Service, United Parcel Service, or Federal Express with a tracking number, addressed to Michael Faillace & Associates, P.C., 60 East 42nd Street, Suite 4510, New York, New York 10165.

4.     Attorneys' Fees.  Michael Faillace & Associates, P.C. shall be accorded Twenty Thousand Dollars and No Cents ($20,000.00) for legal services rendered, which represents one

third of the Settlement Amount. These Attorneys' Fees shall be taken from the Settlement Amount.

5.      Tax Treatment.  There shall be no withholding for tax purposes from the settlement payments paid under paragraphs 3 and 4 to Plaintiff and his counsel.  It is agreed that Plaintiff and Plaintiff's counsel will be issued an IRS Form 1099 reflecting these payments during the appropriate year.  No representations have been made to Plaintiff by Defendants or their attorneys regarding the taxability of the payments referred to in paragraphs 3 and 4.  Plaintiff understands that he will be responsible for paying any and all taxes related to the payments received under this Agreement.  Michael Faillace & Associates, P.C. understands that it will be responsible for paying its taxes related to the payments received under this Agreement.  The taxability of the settlement payments shall not affect the validity of this Agreement.  Similarly, no representations have been made to Michael Faillace & Associates, P.C. by Defendants regarding the taxability of the settlement payments referred to in paragraphs 3 and 4. Plaintiff agrees to defend, indemnify, and hold harmless the Defendants against any and all tax implications that Defendants may face as a result of tendering the Settlement Amount.

6.      Affidavits of Confession of Judgment.  Concurrently with the execution of this Agreement, Defendants La Estrellita Del Sur Restaurant Corp. (d/b/a Estrellita Poblana III), Gema Corp. (d/b/a Estrellita Mixteca), and Leonardo Gonzalez shall each execute and deliver to Plaintiff's counsel Affidavits of Confessions of Judgment ("Confessions of Judgment") in the form annexed collectively hereto as Exhibits B, C, and D.  The Parties hereby acknowledge and agree that the Confessions of Judgment will be held in escrow by Plaintiff's counsel, will not be given to Plaintiff or any third-parties, and will not be entered and/or filed at any time other than: (i) in the event that Defendants fail to make any of the payments as set forth in paragraphs 3 and 4; and (ii) Defendants fail to cure such default within seven (7) business days of receipt of written notice, to be delivered by Plaintiff's counsel to Defendants by e-mail to Victor J. Molina at v.j.molina@verizon.net and Benjamin Sharav, Esq., at juris_ben@msn.com.  Such notice of default shall be deemed received upon electronic transmission.  Upon timely payments of the Settlement Amount, the Confessions of Judgment will be destroyed with no copies retained, with notice of destruction provided to Benjamin Sharav, Esq., except for any copies required to be maintained by the attorneys.

7.      Releases.  For and in consideration of the promises, payments, and actions of the Defendants set forth in this Agreement, and other good and valuable consideration, the receipt of which is hereby acknowledged, Plaintiff, on behalf of himself, his heirs, beneficiaries, estate, executors, administrators, trustees, agents, representatives, attorneys, legal representatives, successors, assigns and any other entity or individual, in their respective capacity as such, who may make any wage and hour claim by or through Plaintiff, with respect solely and only to conduct that has arisen on, or prior to, the date this Agreement is executed, fully and forever releases, relieves, waives, relinquishes, and discharges Defendants and each of their parents, subsidiaries, affiliates, predecessors, successors, related entities, assigns, insurers, employee benefit plans and programs, and fiduciaries, and all of their present and former owners, directors, officers, partners, members, shareholders, employees, representatives, agents, attorneys, and insurers from, and with respect to, any and all wage and hour actions, causes of action, suits, liabilities, claims, charges, rights, and demands whatsoever, to the maximum extent permitted by law, which have accrued from the beginning of time through the date that Plaintiff executes this Agreement, relating

specifically to the claims in the Litigation that have accrued as of the Effective Date of this Agreement, in particular the claims under the Fair Labor Standards Act, the New York Labor Law, and the Hospitality Wage Order of the New York Commissioner of Labor.  Similarly, Defendants release and discharge Plaintiff from any and all known or unknown wage and hour claims and liabilities of such kind that they have, had, or claimed to have against Plaintiff, relating specifically to the claims in the Litigation that have accrued as of the Effective Date of this Agreement.

8.      No Pending or Future Lawsuits.  Plaintiff represents that he has no wage and hour lawsuits, claims, actions, or administrative proceedings pending in his name, or on behalf of any other person or entity, against the Defendants or any other person or entity referred to herein. Plaintiff also represents that he does not intend to bring any wage and hour claims on his own behalf, or on behalf of any other person or entity, against Defendants or any other person or entity referred to herein.  Defendants represent that they have no wage and hour lawsuits, claims, actions, or administrative proceedings pending in their names, or on behalf of any other person or entity, against Plaintiff or any other person or entity referred to herein.  Defendants also represent that they do not intend to bring any wage and hour claims on their own behalf, or on behalf of any other person or entity, against Plaintiff or any other person or entity referred to herein.

9.      No Admission of Liability. The Parties understand and acknowledge that this Agreement constitutes a compromise and settlement of disputed claims. No action taken by the Parties hereto, or either of them, either previously or in connection with this Agreement, shall be deemed or construed to be (a) an admission of the truth or falsity of any claims and defenses heretofore made or (b) an acknowledgment or admission by either Party of any fault or liability whatsoever to the other Party or to any third party.

10.     Non-Disparagement.  The Parties shall not make any electronic (such as on the Internet, social media, text, or email), oral, or written statement or disclosure that would negatively comment on, disparage, or call into question the business operations, policies, or conduct of the other, including, but not limited to, anything that is or could be seen as disparaging, discriminatory, harassing, degrading, or embarrassing to the other.  Defendants agree that they will not make any statement or disclosure to anyone in connection with an employment reference for Plaintiff that would negatively comment on or disparage Plaintiff or that is or could be seen as disparaging, discriminatory, harassing, degrading, or embarrassing to Plaintiff.  Nothing in this clause shall be construed to limit the Parties' ability to testify truthfully pursuant to a subpoena, court order, or other legal mandate.  Further, nothing within this clause shall prohibit Plaintiff from making truthful statements about his experience in litigating this action.

11.     Modification of the Agreement.  This Agreement may not be changed unless the changes are in writing and signed by Plaintiff and Defendants.  Failure to insist on compliance with any term, covenant, or condition contained in this Agreement shall not be deemed a waiver of that term, covenant, or condition, nor shall any waiver or relinquishment of any right or power contained in this Agreement at any one time or more times be deemed a waiver or relinquishment of any right or power at any other time or times.

12.     Notices. Notices required under this Agreement shall be in writing and shall be deemed given on electronic transmission thereof.  Notice hereunder shall be delivered to:

Plaintiff:

William K. Oates, Esq.
MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Tel: (212) 317-1200
Email: woates@faillacelaw.com

Defendants:

Benjamin Sharav, Esq.
LAW OFFICE OF VICTOR J. MOLINA
930 Grand Concourse, Suite 1A
Bronx, New York 10451
Tel.: (718) 401-1600
Email: juris_ben@msn.com
v.j.molina@verizon.net

13.    Governing Law.    This Agreement shall be governed by, and interpreted in accordance with, the laws of the State of New York, excluding the conflict-of-laws principles thereof.  The Parties consent and stipulate to the personal jurisdiction of the United States District Court for the Southern District of New York and the Supreme Court of the State of New York, County of Bronx in any subsequent proceeding to enforce this Agreement.

14.    Enforceability.   If any provision of this Agreement is held to be illegal, void, or unenforceable, such provision shall be of no force or effect. However, the illegality or unenforceability of such provision shall have no effect upon, and shall not impair the legality or enforceability of, any other provision of this Agreement, provided, however, that upon any finding by a court of competent jurisdiction that a release or waiver of claims or rights or a covenant set forth herein is illegal, void, or unenforceable, Plaintiff agrees to promptly execute a release, waiver, and/or covenant that is legal and enforceable.

15.    Acknowledgments.  Plaintiff and Defendants acknowledge that they are not relying upon any statement, representation, or promise in executing this Agreement except for statements, representations, or promises expressly set forth in this Agreement.  It is understood and agreed that the Settlement Amount and the other good and valuable consideration provided for herein, are not a mere recital but are the consideration for this Agreement and all terms herein, including the releases effected thereby.  Plaintiff and Defendants represent and warrant that the Settlement Amount is fair and reasonable.  Plaintiff and Defendants represent and warrant that they are entering into this Agreement of their own free will and accord after consultation with their counsel. Plaintiff and Defendants acknowledge that they have jointly prepared this Agreement and that they are executing this Agreement knowingly and voluntarily.  Plaintiff acknowledges that he has not previously transferred, assigned, or conveyed any right or claim released in this Agreement.

16.     Headings.  The headings used herein are for reference only and shall not in any way affect the meaning or interpretation of this Agreement.

17.     No Other Representations or Agreements.  Each Party acknowledges that, except as expressly set forth herein, no representations of any kind or character have been made by any other party or parties, agents, representatives, or attorneys to induce the execution of this Agreement.  There is no other agreement or understanding, written or oral, expressed or implied, among the Parties hereto concerning the subject matter hereof, except this Agreement.  This Agreement constitutes and contains the entire agreement amongst the Parties, and supersedes and replaces all prior negotiations and all agreements, proposed or otherwise, written or oral, concerning the subject matter hereof.

18.     Counterparts.  To signify their agreement to the terms of this Agreement and Release, the Parties have executed this Agreement on the date set forth opposite their signatures, which appear below.  This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original, but all of such counterparts together shall constitute but one and the same instrument, binding upon all Parties hereto, notwithstanding that all of such Parties may not have executed the same counterpart.  This Agreement may also be executed by facsimile transmission.  This Agreement must be executed by all Parties.

19.     Successors and Assigns.  This Agreement will apply to, be binding in all respects upon, and inure to the benefit of the respective successors and assigns of the Parties, including their personal representatives, administrators, executors, heirs, and others taking from them; provided, however, that no Party may delegate or avoid any of his/its liabilities or obligations under this Agreement.

**IN WITNESS WHEREOF**, and intending to be bound, the Parties hereto have executed this Agreement.

**PLAINTIFF:**

By: _____        Date: 08/09/2021
      RUBEN MARQUEZ DE LA CRUZ


**DEFENDANTS:**


By: _____        Date: _____
      LA ESTRELLITA DEL SUR RESTAURANT
      CORP. (D/B/A ESTRELLITA POBLANA III)


Sworn to and subscribed to before
me this _____ day of _____, 2021

_____
NOTARY PUBLIC


By: _____        Date: _____
      GEMA CORP.
      (D/B/A ESTRELLITA MIXTECA)

Sworn to and subscribed to before
me this _____ day of _____, 2021

_____
NOTARY PUBLIC


By: _____        Date: _____
      LEONARDO GONZALEZ

**IN WITNESS WHEREOF**, and intending to be bound, the Parties hereto have executed this Agreement.

**PLAINTIFF:**

By: _____          Date: _____
    RUBEN MARQUEZ DE LA CRUZ

**DEFENDANTS:**

By: X _____          Date: 8/12/21
    LA ESTRELLITA DEL SUR RESTAURANT
    CORP. (D/B/A ESTRELLITA POBLANA III)

Victor J. Molina
Notary Public, State of New York
No.: 02MO6249338
Qualify in Bronx County
Commission Expires
Nov., 7th 20...23

Sworn to and subscribed to before
me this 12 day of August, 2021

_____
NOTARY PUBLIC

By: X _____          Date: 8/12/21
    GEMA CORP.
    (D/B/A ESTRELLITA MIXTECA)

Victor J. Molina
Notary Public, State of New York
No.: 02MO6249338
Qualify in Bronx County
Commission Expires
Nov., 7th 20...22

Sworn to and subscribed to before
me this 12 day of Aug , 2021

_____
NOTARY PUBLIC

By: X _____          Date: 8/12/21
    LEONARDO GONZALEZ

Victor J. Molina
Notary Public, State of New York
No.: 02MO6249338
Qualify in Bronx County
Commission Expires
Nov., 7th 20...22

Sworn to and subscribed to
before me this 12th day of August 2021

_____
NOTARY PUBLIC

-7-

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

RUBEN MARQUEZ DE LA CRUZ,
*individually and on behalf of others similarly*
*situated,*

                    *Plaintiff,*

      -against-

LA ESTRELLITA DEL SUR RESTAURANT
CORP. (D/B/A ESTRELLITA POBLANA
III), GEMA CORP. (D/B/A ESTRELLITA
MIXTECA), and LEONARDO GONZALEZ,

                  *Defendants.*

Docket No.: 20-cv-05437 (GWG)

**STIPULATION OF DISMISSAL**
**WITH PREJUDICE**

      **IT IS HEREBY STIPULATED AND AGREED**, by and between the Parties in the above-captioned action, through their undersigned counsel that, whereas no Party hereto is an infant or incompetent person for whom a committee has been appointed, and no person not a party has an interest in the subject matter of the action, in accordance with Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure, the Amended Complaint in the above-captioned action and all claims alleged therein be dismissed with prejudice, with each Party to bear their own fees and costs; and further that Plaintiff is precluded from bringing any further claims against Defendants under the Fair Labor Standards Act, New York Labor Law, or any other federal, state, or local law, for unpaid wages, including overtime pay, for the period set forth in the Amended Complaint, or any other wage and hour claims that were asserted and alleged, or could have been asserted or alleged, in the Amended Complaint, for the period set forth in the Amended Complaint.

**IT IS FURTHER STIPULATED AND AGREED**, that this Stipulation may be executed in counterparts with scanned PDF or facsimile signatures treated as originals.

MICHAEL FAILLACE & ASSOCIATES, P.C.   LAW OFFICE OF VICTOR J. MOLINA

By: _____

By: _____

William K. Oates, Esq.
60 East 42nd Street, Suite, 4510
New York, New York 10165
(212) 317-1200
woates@faillacelaw.com
*Attorneys for Plaintiff*

Benjamin Sharav, Esq.
930 Grand Concourse, Suite 1A
Bronx, New York 10451
(718) 401-1600
juris_ben@msn.com
v.j.molina@verizon.net
*Attorneys for Defendants*

SO ORDERED:

_____

HON. GABRIEL W. GORENSTEIN, U.S.M.J.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

---

RUBEN MARQUEZ DE LA CRUZ,
*individually and on behalf of others similarly
situated,*

               *Plaintiff,*

-against-

LA ESTRELLITA DEL SUR RESTAURANT
CORP. (D/B/A ESTRELLITA POBLANA
III), GEMA CORP. (D/B/A ESTRELLITA
MIXTECA), and LEONARDO GONZALEZ,

               *Defendants.*

Index No.:

**AFFIDAVIT OF CONFESSION
OF JUDGMENT**

---

STATE OF NEW YORK   )
                  ) ss.:
COUNTY OF __*Bronx*__  )

    1.    I reside in __*Bronx*__ County, New York.

    2.    I, LEONARDO GONZALEZ, am the __*owner*__ of LA ESTRELLITA DEL SUR RESTAURANT CORP. (D/B/A ESTRELLITA POBLANA III). I am duly authorized to make this Affidavit of Confession of Judgment on behalf of LA ESTRELLITA DEL SUR RESTAURANT CORP. (D/B/A ESTRELLITA POBLANA III).

    3.    LA ESTRELLITA DEL SUR RESTAURANT CORP. (D/B/A ESTRELLITA POBLANA III) maintains its principal place of business in Bronx County at 2328 Arthur Avenue, Bronx, New York 10458.

    4.    Pursuant to the terms of the Settlement Agreement and Release by and between RUBEN MARQUEZ DE LA CRUZ ("Plaintiff"), on the one hand, and LA ESTRELLITA DEL SUR RESTAURANT CORP. (d/b/a ESTRELLITA POBLANA III), GEMA CORP. (d/b/a ESTRELLITA MIXTECA), and LEONARDO GONZALEZ ("Defendants"), on the other hand, I hereby confess judgment and authorize entry thereof against LA ESTRELLITA DEL SUR RESTAURANT CORP. (D/B/A ESTRELLITA POBLANA III) in favor of Plaintiff for the sum of Ninety Thousand Dollars and No Cents ($90,000.00), less any payments made under the Settlement Agreement.

5.     This Affidavit of Confession of Judgment is for a debt justly due to Plaintiff under the terms of the Settlement Agreement, to which this Affidavit of Confession of Judgment is annexed, which provides that Defendants are to submit a total sum of $60,000.00 to Plaintiff. The amount of this Affidavit of Confession of Judgment represents the settlement amount of $60,000.00, plus liquidated damages of $30,000.00, for a total of $90,000.00, less any payments made under the Settlement Agreement.

6.     This Affidavit of Confession of Judgment is made upon good and valuable consideration, the sufficiency of which I acknowledge on behalf of Defendants, including, without limitation, the terms and provisions of the Settlement Agreement.

7.     I hereby represent my understanding that upon Defendants' breach of the Settlement Agreement and failure to cure, this Affidavit of Confession of Judgment shall be docketed and entered in the Supreme Court of the State of New York, Bronx County, as a judgment for $90,000.00 (less any amounts already paid to Plaintiff pursuant to the Settlement Agreement), against LA ESTRELLITA DEL SUR RESTAURANT CORP. (D/B/A ESTRELLITA POBLANA III).

LA ESTRELLITA DEL SUR
RESTAURANT CORP.
(D/B/A ESTRELLITA POBLANA III)

By: _____
      LEONARDO GONZALEZ
      Title: _____

On _____, _____, 2021, before me personally came LEONARDO GONZALEZ, to me known, who, by me duly sworn, did depose and say that deponent resides at _____, that deponent is the _____ of LA ESTRELLITA DEL SUR RESTAURANT CORP. (D/B/A ESTRELLITA POBLANA III), the corporate party described herein, and that deponent executed the foregoing Affidavit of Confession of Judgment on behalf of LA ESTRELLITA DEL SUR RESTAURANT CORP. (D/B/A ESTRELLITA POBLANA III) and was authorized to do so.

Sworn to before me this
_____ day of _____ 2021

_____
Notary Public

**Victor J. Molina**
Notary Public, State of New York
No.: 02MO6249338
Qualify in Bronx County
Commission Expires
Nov., 7th 20.

- 13 -

# EXHIBIT C

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

---

RUBEN MARQUEZ DE LA CRUZ,
*individually and on behalf of others similarly
situated,*

                    *Plaintiff,*

        -against-

LA ESTRELLITA DEL SUR RESTAURANT
CORP. (D/B/A ESTRELLITA POBLANA
III), GEMA CORP. (D/B/A ESTRELLITA
MIXTECA), and LEONARDO GONZALEZ,

                  *Defendants.*

Index No.:

**AFFIDAVIT OF CONFESSION
OF JUDGMENT**

---

STATE OF NEW YORK   )
                  ) ss.:
COUNTY OF  *Bronx*  )

    1.     I reside in *Bronx* County, New York.

    2.     I, LEONARDO GONZALEZ, am the *president* of GEMA CORP. (d/b/a ESTRELLITA MIXTECA). I am duly authorized to make this Affidavit of Confession of Judgment on behalf of GEMA CORP. (d/b/a ESTRELLITA MIXTECA).

    3.     GEMA CORP. (d/b/a ESTRELLITA MIXTECA) maintains its principal place of business in Bronx County at 1813 Westchester Avenue, Bronx, New York 10472.

    4.     Pursuant to the terms of the Settlement Agreement and Release by and between RUBEN MARQUEZ DE LA CRUZ ("Plaintiff"), on the one hand, and LA ESTRELLITA DEL SUR RESTAURANT CORP. (d/b/a ESTRELLITA POBLANA III), GEMA CORP. (d/b/a ESTRELLITA MIXTECA), and LEONARDO GONZALEZ ("Defendants"), on the other hand, I hereby confess judgment and authorize entry thereof against GEMA CORP. (d/b/a ESTRELLITA MIXTECA) in favor of Plaintiff for the sum of Ninety Thousand Dollars and No Cents ($90,000.00), less any payments made under the Settlement Agreement.

    5.     This Affidavit of Confession of Judgment is for a debt justly due to Plaintiff under the terms of the Settlement Agreement, to which this Affidavit of Confession of Judgment is annexed, which provides that Defendants are to submit a total sum of $60,000.00 to Plaintiff. The

amount of this Affidavit of Confession of Judgment represents the settlement amount of $60,000.00, plus liquidated damages of $30,000.00, for a total of $90,000.00, less any payments made under the Settlement Agreement.

8.      This Affidavit of Confession of Judgment is made upon good and valuable consideration, the sufficiency of which I acknowledge on behalf of Defendants, including, without limitation, the terms and provisions of the Settlement Agreement.

9.      I hereby represent my understanding that upon Defendants' breach of the Settlement Agreement and failure to cure, this Affidavit of Confession of Judgment shall be docketed and entered in the Supreme Court of the State of New York, Bronx County, as a judgment for $90,000.00 (less any amounts already paid to Plaintiff pursuant to the Settlement Agreement), against GEMA CORP. (d/b/a ESTRELLITA MIXTECA).

GEMA CORP.
(d/b/a ESTRELLITA MIXTECA)

By: _____
LEONARDO GONZALEZ
Title: _____

On Aug 12, 2021, before me personally came LEONARDO GONZALEZ, to me known, who, by me duly sworn, did depose and say that deponent resides at _____, that deponent is the _____ of GEMA CORP. (d/b/a ESTRELLITA MIXTECA), the corporate party described herein, and that deponent executed the foregoing Affidavit of Confession of Judgment on behalf of GEMA CORP. (d/b/a ESTRELLITA MIXTECA) and was authorized to do so.

Sworn to before me this
12 day of Aug 2021

_____
Notary Public

Victor J. Molina
Notary Public, State of New York
No.: 02MO6249338
Qualify in Bronx County
Commission Expires
Nov., 7th 20.__

- 16 -

# EXHIBIT D

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

---

RUBEN MARQUEZ DE LA CRUZ,
*individually and on behalf of others similarly*
*situated,*

                 *Plaintiff,*

         -against-

LA ESTRELLITA DEL SUR RESTAURANT
CORP. (D/B/A ESTRELLITA POBLANA
III), GEMA CORP.  (D/B/A ESTRELLITA
MIXTECA), and LEONARDO GONZALEZ,

               *Defendants.*

Index No.:

**AFFIDAVIT OF CONFESSION**
**OF JUDGMENT**

---

STATE OF NEW YORK   )
                 ) ss.:
COUNTY OF *Bronx*   )

    1.     I reside in *Bronx* County, New York.

    2.     Pursuant to the terms of the Settlement Agreement and Release by and between RUBEN MARQUEZ DE LA CRUZ ("Plaintiff"), on the one hand, and LA ESTRELLITA DEL SUR RESTAURANT CORP. (d/b/a ESTRELLITA POBLANA III), GEMA CORP. (d/b/a ESTRELLITA MIXTECA), and LEONARDO GONZALEZ ("Defendants"), on the other hand, I hereby confess judgment and authorize entry thereof against me, individually, and in favor of Plaintiff for the sum of Ninety Thousand Dollars and No Cents ($90,000.00), less any payments made under the Settlement Agreement.

    3.     This Affidavit of Confession of Judgment is for a debt justly due to Plaintiff under the terms of the Settlement Agreement, to which this Affidavit of Confession of Judgment is annexed, which provides that Defendants are to submit a total sum of $60,000.00 to Plaintiff. The amount of this Affidavit of Confession of Judgment represents the settlement amount of $60,000.00, plus liquidated damages of $30,000.00, for a total of $90,000.00, less any payments made under the Settlement Agreement.

    4.     This Affidavit of Confession of Judgment is made upon good and valuable consideration, the sufficiency of which I acknowledge on behalf of Defendants, including, without limitation, the terms and provisions of the Settlement Agreement.

5.      I hereby represent my understanding that upon Defendants' breach of the Settlement Agreement and failure to cure, this Affidavit of Confession of Judgment shall be docketed and entered in the Supreme Court of the State of New York, Bronx County, as a judgment for $90,000.00 (less any amounts already paid to Plaintiff pursuant to the Settlement Agreement), against me, LEONARDO GONZALEZ.

LEONARDO GONZALEZ

Sworn to before me this
12 day of Aug. 2021

Notary Public

**Victor J. Molina**
Notary Public, State of New York
No.: 02MO6249338
Qualify in Bronx County
Commission Expires
Nov., 7th 20.22,

- 19 -